IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM ANTONE JOHNSON, ) | |
| ) | |
| Petitioner, pro se, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND ORDER** |
| ) | 1:08CV1 |
| RICKY ANDERSON, ) | |
| Superintendent of Pasquotank ) | |
| Correctional Inst., ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on consent jurisdiction, *see* Order at docket no. 8, on Respondent's motion to dismiss [docket no. 4]. Pro se Petitioner William Antone Johnson has not responded in opposition to the motion, the time to do so has passed, and the matter is ripe for disposition. For the reasons discussed herein, Respondent's motion to dismiss will be granted.

**I. Background**

Petitioner is a state court prisoner who, on January 31, 2001, in Rockingham County Superior Court, was convicted after a capital trial by jury of first-degree murder, conspiracy to commit first-degree murder, and robbery with a dangerous weapon, and was sentenced to life imprisonment without parole, 336-413 months imprisonment for the felony conspiracy conviction, and 101-133 months imprisonment for the robbery with a dangerous weapon conviction, in cases 99 CRS 3378, 3788, and 3789. On April 15, 2003, the North Carolina Court of Appeals

issued an unpublished opinion finding no error, and on June 12, 2003, the North Carolina Supreme Court denied discretionary review. *State v. Johnson*, 157 N.C. App. 365, 578 S.E.2d 710, *disc. review denied,* 357 N.C. 254, 583 S.E.2d 41 (2003) (see copy of unpublished opinion at Ex. 1, order at Ex. 2, record on appeal at Ex. 3, Petitioner's appellate brief at Ex. 4, state's appellate brief at Ex. 5, petition for discretionary review at Ex. 6, state's response at Ex. 7.).

Petitioner was represented by Mr. David Lloyd and Mr. J. Donald Cowan, Jr., and on appeal by Mr. Cowan. Petitioner dated a pro se motion for appropriate relief (MAR) August 18, 2006, and submitted it to the Rockingham County Superior Court. The MAR court summarily denied the MAR on October 18, 2006. (Exs. 8, 9.) Petitioner dated a pro se certiorari petition November 22, 2006, and it was filed in the North Carolina Supreme Court on January 12, 2007. (Ex. 10.) The North Carolina Supreme Court dismissed the petition on May 3, 2007. (Ex. 11.) Petitioner dated his pro se federal habeas application form August 28, 2007, and it was received and file stamped by the clerk on January 2, 2008.[1]

Petitioner raises the following grounds for relief in the petition: (1) his indictment for first-degree murder should have been dismissed for its failure to allege all essential elements of first-degree murder; (2) the [trial] court erred in regard to the indictment because a death penalty scheme is unconstitutional if it does not allege aggravating circumstances in the indictment; (3) the [trial] court erred by not

---

[1] The petition was file-stamped with a date of January 2, 2007, but this is an obvious error.

re-examining several errors in relation to the sentencing scheme in cases mandated by the Supreme Court; and (4) the trial court erred in denying Petitioner's motion relating to parole, individual voir dire, and the instruction on mitigating circumstances.

## II. Analysis

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, for petitioners whose convictions became final before the

effective date of the AEDPA, the one-year period is not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. Accordingly, petitioners whose convictions became final before the enactment of the AEDPA had until April 24, 1997, to file their petitions. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

The petition here must be dismissed because it is time-barred. Petitioner's case became final for purposes of direct review on Wednesday, September 10, 2003, i.e., ninety days after the June 12, 2003, order of the North Carolina Supreme Court denying discretionary review. (Ex. 2.) Petitioner had 365 days from Wednesday, September 10, 2003, to file a timely habeas petition under 28 U.S.C. § 2244(d)(1), *i.e.*, until Thursday, September 9, 2004. Because Petitioner dated his pro se federal habeas application form August 28, 2007, and it was received and file-stamped by the clerk on January 2, 2008, it is at least almost three years out of time.

Furthermore, neither Petitioner's August 18, 2006, MAR nor his November 22, 2006, certiorari petition could serve to toll the one-year period of limitation under 28 U.S.C. § 2244(d)(2). (Exs. 8-11.) This is so because subsequently filed state post-conviction motions or petitions cannot breathe new life into an already expired one-year period of limitation.[2] *See Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000).

---

[2] In any event, the November 22, 2006, certiorari petition filed in the North Carolina Supreme Court could not toll the statute of limitations because it was filed in the wrong court. (*See* Ex. 10.; N.C. R. APP. P. 21(e) (2007) (certiorari proper in the court of appeals from trial court's denial of MAR in cases in which death sentence has not been imposed).

Petitioner states in the petition that there are three reasons that the petition should not be deemed time-barred. He did not, however, respond to the motion to dismiss. He apparently concedes, therefore, that these arguments have no merit. In any event, the court will briefly address the contentions Petitioner raises in the petition as to the petition should not be deemed time-barred. First, Petitioner states that he received ineffective assistance of counsel where counsel failed to file a requested timely "Rule 35 motion to reduce sentence." It is not clear what rule Petitioner is referring to when he references "Rule 35." Respondent suggests that Petitioner is probably referring to Rule 35 of the West Virginia Rules of Criminal Procedure. W. VA. R. CRIM. P. 35(b). Under West Virginia Rule 35(b), a defendant may file a motion essentially pleading for mercy from the original sentencing judge asking him to reduce the sentence. North Carolina procedure has no such corresponding motion and, even if it did, it could not toll the one-year period of limitation. *See Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001) (refusing to allow tolling of the one-year period of limitation during the pendency of Rule 35 motions under West Virginia's rules of criminal procedure).

Next, Petitioner states in the petition that trial counsel were ineffective for failing to object to an erroneous jury instruction that expanded the element of one of his crimes, and he argues that this constitutes cause for procedural default. This argument is also wholly without merit. Petitioner's assertion regarding procedural default based on counsel's failure to object to an erroneous jury instruction simply

-5-

does not serve as a basis for equitable tolling. Petitioner has either known or should have known of trial counsel's failure to object to the jury instruction since the time of trial.

Finally, Petitioner cites to the United States Supreme Court decision in *Anders v. California,* 386 U.S. 738 (1967), and he makes a vague argument regarding appointed counsel's responsibilities on appeal under *Anders.* Petitioner's assertion regarding the *Anders* decision is not grounds for equitable tolling. Appellate counsel did not file an *Anders* brief but instead raised and fully litigated numerous issues on appeal. Petitioner's reference to *Anders* is wholly inapplicable.

In sum, the petition is clearly time-barred, and Petitioner has not shown that equitable tolling relieves him from the bar.

## III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss [docket no. 4] is **GRANTED**. A judgment conforming to this Order will be entered simultaneously herewith.

                                                  _____
                                                  WALLACE W. DIXON
                                                  United States Magistrate Judge

April 10, 2008

-6-

Case 1:08-cv-00001-WWD   Document 9   Filed 04/10/08   Page 6 of 6